UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM GEORGE MOORE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DIAGNOSTIC IMAGING OF SOUTHERN NEVADA,<br><br>　　　　　　　　Defendant. | Case No. 2:14-cv-01534-RFB-NJK<br><br>**ORDER** |

　　　　Plaintiff Adam George Moore is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 3. Plaintiff also submitted a Complaint on September 19, 2014. Docket No. 1-1. This proceeding was referred to this court by Local Rule IB 1-9.

**I.　*In Forma Pauperis* Application**

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 3. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.　Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

1  from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a
2  complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as
3  to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
4  cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5        A properly pled complaint must provide a short and plain statement of the claim showing that the
6  pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555
7  (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and
8  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct.
9  1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all
10 well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal
11 conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only
12 by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have
13 not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S.
14 at 570.

15       A claim may be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).
16 Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution
17 and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction
18 in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of*
19 *the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter
20 jurisdiction must exist at the time an action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th
21 Cir. 2013). Further, as Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden
22 of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th
23 Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

24       Plaintiff's Complaint consists of five sentences, wherein he speaks of his back being sore such that
25 he can no longer perform as many exercises and states that the X-ray of his back "is not in clear view and
26 is of very poor quality." Docket No. 1-1, at 1. Plaintiff's Complaint does not list the law(s) under which
27 he brings his claims. *Id*. Plaintiff's Complaint, therefore, fails to provide a short and plain statement of
28 the claim showing that he is entitled to relief, and fails to provide the elements of a cause of action.

1  Therefore, Plaintiff has failed to state a claim upon which relief can be granted. As the Court cannot
2  determine from the allegations before it whether Plaintiff will be able to cure the deficiencies in his current
3  Complaint, the Court grants Plaintiff leave to amend.
4      Additionally, Plaintiff has not alleged federal jurisdiction exists in this case. It appears that no
5  federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists. Plaintiff has also not invoked the court's
6  diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that the parties are citizens
7  of different states or that the damages in this case exceed the jurisdictional minimum of $75,000. Plaintiff,
8  therefore, has failed to prove that the case is properly in federal court. The Court will allow Plaintiff an
9  opportunity to amend his Complaint.
10     Accordingly, the Court **DISMISSES** the Complaint with leave to amend.

**III.  Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, with leave to amend. Plaintiff will have until **November 3, 2014** to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint

no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: October 1, 2014.

NANCY J. KOPPE
United States Magistrate Judge