1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADAM GEORGE MOORE,

        Plaintiff(s),

vs.

DIAGNOSTIC IMAGING OF SOUTHERN NEVADA,

        Defendant(s).

Case No. 2:14-cv-01534-RFB-NJK

ORDER

(Docket No. 6)

Plaintiff Adam George Moore is proceeding in this action *pro se*. On October 1, 2014, the Court granted Plaintiff's request pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. The Court further screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *Id.* The Court found that the Complaint failed to state a claim upon which relief could be granted and failed to sufficiently allege federal subject matter jurisdiction existed. *Id.* The Court allowed Plaintiff an opportunity to amend his Complaint, and that Amended Complaint has now been filed. Docket No. 6. This proceeding was referred to this Court by Local Rule IB 1-9.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff asserts that Diagnostic Imaging of Southern Nevada took x-ray images of his "spine/back [that] are not in clear view and are of very poor quality." Docket No. 4, at 1. Plaintiff's Amended Complaint states that he charges Defendant with "[c]ulpable, gross and or [sic] criminal negligence." Docket No. 4, at 2. Generally, there is no private right of action for federal criminal laws. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *Lasko v. Am. Bd. of Surgery*, --- F.Supp.3d ----, 2014 WL 4699622, at *7 (D. Nev. Sept. 19, 2014). Plaintiff's Amended Complaint, therefore, fails to provide a short and plain statement of the claim showing that he is entitled to relief, and fails to provide the elements of a cause of action.

Additionally, Plaintiff has not alleged federal jurisdiction exists. Plaintiff has not invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, because he has not alleged that the amount in controversy exceeds $75,000 or that the parties are citizens of different states. Plaintiff has also not shown that federal question jurisdiction exists under 28 U.S.C. § 1331.

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed without prejudice, with leave to amend. If Plaintiff believes he can correct the deficiencies in his Amended Complaint and chooses to file a Second Amended Complaint, it should comply with this Order and contain not only a showing that this Court has jurisdiction over his claim, but also additional factual information, and an explanation as to how those facts constitute a violation of the laws which serve as the basis of his claim.

. . .

. . .

Accordingly,

**IT IS ORDERED** that:

The Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, with leave to amend. Plaintiff will have until **January 5, 2015**, to file a Second Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Second Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

DATED: December 5, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge